IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| BARBARA C. SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:20-cv-00620 (RCY) |
| | ) | |
| HAMPTON ROADS REGIONAL JAIL AUTHORITY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss Amended Complaint (ECF No. 20). Defendant seeks an order dismissing Plaintiff's Amended Complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss Amended Complaint was filed on August 24, 2021, and there has been no response from the Plaintiff. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, Defendant's Motion to Dismiss Amended Complaint will be granted.

**I. BACKGROUND**

Barbara Sims ("Sims" or "Plaintiff"), a former inmate at the Hampton Roads Regional Jail, brings this § 1983 suit to recover damages from the Hampton Roads Regional Jail Authority ("HRRJA" or "Defendant") stemming from a finger injury that she sustained in an altercation with another inmate in November 2018. Plaintiff alleges that the jail was deliberately indifferent toward her in violation of the Eighth Amendment because it (1) failed to separate her from the other inmate

1

despite threats by that inmate, and (2) failed to provide prompt and adequate treatment for an injury to Plaintiff's finger, allegedly sustained while she was defending herself from an assault by the other inmate. Plaintiff requests $100,000 in damages, along with interest, costs, and attorney's fees. (Am. Compl. ¶¶ 2-3, ECF No. 14.)

Plaintiff alleges that while imprisoned at the jail in October 2018, she made multiple complaints to jail staff that fellow inmate Genena Peebles ("Peebles") "was threatening to hit and/or kill" her. (*Id.* ¶ 5.) Plaintiff asserts that Defendant had "a policy and responsibility to separate inmates when one inmate made threats to injure, damage or kill another inmate." (*Id.* ¶ 8.) On November 10, 2018, Plaintiff allegedly complained to a Sergeant Chavaz that she did not want to be in the presence of Peebles. (*Id.* ¶ 9.) Despite this policy and after notifying Defendant of Peeble's threats, Plaintiff was forced to wait in line for her medications. (*Id.*) While waiting in line for her medications, Peebles struck Plaintiff and an altercation occurred. (*Id.*) During the altercation, Plaintiff alleges that she swung her hand in self-defense, causing her left hand to strike a surface which resulted in injuries to Plaintiff's left ring finger. (*Id.* ¶¶ 6, 9.) Plaintiff claims that this assault occurred "because of Defendant's failure to comply with their policy and custom to separate inmates when there is a threat of one inmate to injure, assault or kill another inmate." (*Id.* ¶ 9.) After the November 10, 2018 altercation, Plaintiff claims that Defendant provided her inadequate and minimal medical treatment and that she was only transferred to the hospital for surgery after Plaintiff's friend asked Defendant's personnel to provide medical treatment. (*Id.* ¶ 10.)

## II. PROCEDURAL HISTORY

Plaintiff's Complaint was originally filed in Portsmouth Circuit Court. It was removed by the Defendant on December 10, 2020 (ECF No. 1). On December 16, 2020, Defendant filed a

Motion to Dismiss. (ECF No. 3). By Memorandum Opinion and Order issued on August 2, 2021, the Court granted Defendant's Motion to Dismiss without prejudice as to Plaintiff's deliberate indifference claim and dismissed Plaintiff's medical indifference claim with prejudice. (ECF Nos. 14, 15.) Plaintiff filed an Amended Complaint on August 11, 2021 (ECF No. 18). Defendant filed a Motion to Dismiss Amended Complaint on August 24, 2021 (ECF No. 20). Plaintiff did not respond to Defendant's Motion to Dismiss Amended Complaint.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Federal Rules of Civil Procedure only require that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

## IV. ANALYSIS

As a preliminary matter, the Court previously dismissed Plaintiff's medical indifference claim with prejudice. (Aug. 2, 2021 Mem. Op. at 11.) As such, Plaintiff's medical indifference claim is barred by the doctrine of res judicata. *Hall v. Greystar Management Services, L.P.*, 193 F. Supp. 3d 522, 529 (D. Md. 2016) ("It is well settled that a dismissal with prejudice is an adjudication on the merits for res judicata purposes.") (citations omitted); *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 n.2 (D.C. Cir. 2014) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata.") (citations omitted).

Like Plaintiff's initial Complaint, the Amended Complaint names HRRJA as the sole defendant. As explained in the August 2, 2021 Memorandum Opinion, HRRJA is a municipal entity and is, therefore, subject to liability pursuant to *Monell v. Dept. of Social Servs.* 436 U.S. 658, 690-91 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Municipal liability under *Monell* requires Plaintiff to establish that a deprivation occurred pursuant to a policy or custom adopted by the local governing body. *Id.* Federal Courts

have held that a "policy" can be manifested in (1) written ordinances and regulations, (2) affirmative decisions of policy making officials, or (3) omissions on the part of policymaking officials that manifest deliberate indifference to constitutional or statutory violations. *Carter v. Morris*, 164 F. 3d 215, 218 (4th Cir. 1999) (citations omitted). Furthermore, "[o]utside of such formal decisionmaking channels, a municipal custom may arise if a practice is so 'persistent and widespread' and 'so permanent and well settled as to constitute a custom or usage with the force of law.'" *Id.* (quoting *Monell*, 436 U.S. at 691). In order to survive a motion to dismiss on her *Monell* claim against a municipal entity, Plaintiff must allege (1) the existence of an official policy or custom, (2) that is fairly attributable to the municipal entity, and (3) that proximately caused the underlying constitutional violation. *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). Defendant argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff failed to establish the third element of a *Monell* claim—that Defendant's policy *caused* the alleged violation of her rights. (Def.'s Mem. Supp. at 5, ECF No. 21 (emphasis in the original).)

The Court previously dismissed Plaintiff's municipal liability claim because Plaintiff failed to identify any specific policy, formal rule or regulation, decision of any policy maker, or cite a specific omission such as failure to train. (Aug. 2, 2021 Mem. Op. at 12.) In her original Complaint, although Plaintiff asserted that "the facility had a policy and/or custom whereby its employees took no action to separate the threatened inmates[,]" without more than a conclusory reference to a "policy and/or custom," the Court was left to assume that Plaintiff was relying on an omission or custom, both of which come with a more onerous burden of proof and pleading. (*Id.* (citing *Lytle v. Doyle*, 326 F. 3d 463, 473 (4th Cir. 2003) (citations omitted)).)

Plaintiff's Amended Complaint fares no better. Among the very few changes made, Plaintiff now alleges that "[t]he Defendant had a policy and responsibility to separate inmates

5

when one inmate made threats to injure, damage or kill another inmate." (Am. Compl. ¶ 8.) Plaintiff alleges that the "assault upon the Plaintiff occurred because of Defendant's failure to comply with their policy and custom to separate inmates when there is a threat of one inmate to injure, assault or kill another inmate." (*Id.* ¶ 9.) Plaintiff's new allegation is an about-face from its original Complaint alleging that "the assault upon the Plaintiff occurred because of the unconstitutional policy and custom of the Defendant that manifested a deliberate indifference to the rights of the inmates housed there." (Compl. ¶ 8.) Plaintiff now claims that her injury is attributable to Defendant's failure to follow its own policy, which fails to state a *Monell* claim. In order for Defendant to be liable under *Monell*, "plaintiff must make some showing of a policy, practice, or custom, which was implemented and followed by the [municipality], that in some way contributed to the officers' actions in bringing about decedent's death." *Est. of Harris v. Arlington Cty.*, No. 99-CV-1144, 2000 WL 34477900, at *3 (E.D. Va. Jan. 14, 2000) (citing *Monell*, 436 U.S. 658). First, Plaintiff's policy pleading is one sentence; "[t]he Defendant had a policy and responsibility to separate inmates when one inmate made threats to injure, damage or kill another inmate." (Am. Compl. ¶ 8.) Plaintiff's conclusory reference to a policy or custom is insufficient to support a *Monell* claim. (Aug. 2, 2021 Mem. Op. at 12-13.)

Even if the Court found that Plaintiff sufficiently referenced a "policy or custom," Plaintiff fails to explain how Defendant's policy was implemented or followed in some way that contributed to Plaintiff's injury. Plaintiff's allegation of Defendant's failure to comply with its own constitutional policy is inadequate to state a claim for relief under *Monell*. *Est. of Harris*, 2000 WL 34477900, at *3 (dismissing plaintiff's § 1983 claim against a county because "it was actually the officers' failure to follow the department's policies, and not the policies themselves, that led to decedent's death."); *Malone v. Wicomico Cty.*, No. CV 19-2412-SAG, 2021 WL 4060433, at

6

\*8 (D. Md. Sept. 7, 2021) (finding that plaintiff's assertions that plaintiff's injury was caused by defendant's divergence from its policies "undercut its *Monell* claim, which requires that the harm flow from the *implementation* of a municipal policy or custom."); *D.C. v. City of Richmond*, No. 18-CV-06166-KAW, 2019 WL 1259161, at \*3 (N.D. Cal. Mar. 19, 2019) ("Violation of a constitutionally sound policy is not sufficient to support a *Monell* claim."). Plaintiff was previously given the opportunity to file an amended complaint. (Aug. 2, 2021 Mem. Op. at 14.) Instead of using the opportunity to bolster her claims, Plaintiff filed another complaint barely exceeding two pages with equally conclusory language, and its new allegations actually "undercut its *Monell* claim." *Malone*, 2021 WL 4060433 at \*8. The Court previously stated that if Plaintiff's Amended Complaint fails to plausibly state a claim, this action would be dismissed with prejudice. (*Id.* at 14.) Accordingly, the Court will dismiss this action with prejudice.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Amended Complaint will be granted, and this action will be dismissed with prejudice.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: March 8, 2022